**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TAMMY NICHOLS,** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action No. 1:07-cv-01943** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **CUMBERLAND COUNTY** | : | |
| **COURT OF COMMON PLEAS** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court is Plaintiff Tammy Nichols's complaint (Doc. No. 1) and motion for leave to proceed *in forma pauperis* (Doc. No. 2). In her complaint, Plaintiff alleges that Cumberland County Children & Youth Services improperly terminated her parental rights with respect to her oldest child (Doc. No. 1, at 1-2), and asks that Defendant Cumberland County Court of Common Pleas "give her a few more months" in which to prove her fitness as a parent. (Id., at 2.) For the reasons that follow, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss her complaint for failure to state a claim.

## I. DISCUSSION

### A. Proceedings *In Forma Pauperis*

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 (1989) (citation omitted). In the courts of this circuit, leave to proceed *in forma pauperis* is based upon a showing of indigence. Deutsch v. United States, 67 F.3d 1080, 1085 n.5 (3d Cir. 1995) (citing Roman v. Jeffes, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

A plaintiff seeking leave must file an affidavit of poverty with the court, disclosing every source of income, financial account, and valuable property, as well as the amount of any financial support of dependent persons. The court then conducts a thorough review of the affidavit and, provided it is satisfied that the plaintiff is without sufficient resources to pay the costs and fees of the proceeding, grants leave to proceed *in forma pauperis*. Id.

In her affidavit, Plaintiff indicates that she is employed at an hourly rate of $9.25, which equates to a monthly income of approximately $1,480. (Doc. No. 2, at 1.) Her sole asset is an eighteen-year-old automobile valued at $600, and her monthly expenses for rent and child support total $785. (Id., at 2.) Based upon these figures, the Court finds that Plaintiff is without sufficient resources to pay the costs and fees of the proceeding. Accordingly, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis*.

**B. Merits Analysis Under 1915(e)(2)**

Having determined that Plaintiff is entitled to proceed *in forma pauperis*, the court is next required to assess the sufficiency Plaintiff's complaint under 28 U.S.C. § 1915(e)(2) prior to service of process. Section 1915(e)(2) states:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). In considering whether to dismiss a case under § 1915(e)(2)(B)(ii) for failure to state a claim, courts apply the same standards as they would for a motion to dismiss

under Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCollough, 184 F.3d 236, 240 (3d Cir. 1999).[1]

Federal courts are courts of limited jurisdiction. As the United States Supreme Court has explained:

> In order to provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction in federal-question cases—civil actions that arise under the Constitution, laws, or treaties of the United States. In order to provide a neutral forum for what have come to be known as diversity cases, Congress also has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens. To ensure that diversity jurisdiction does not flood the federal courts with minor disputes, § 1332(a) requires that the matter in controversy in a diversity case exceed a specified amount, currently $75,000.

Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (citations omitted).

The instant action is, in essence, an appeal from the decision of either a state court or a county agency—exactly which of the two is not clear from the face of the complaint. Whatever the decision's provenance, even the most generous reading of the facts would not confer jurisdiction upon the Court. The parties lack diversity of citizenship; there is no federal question implicated; and, inasmuch as the Plaintiff seeks only equitable relief, the amount-in-controversy requirement has not been met. Accordingly, the Court will dismiss the complaint for lack of jurisdiction. Furthermore, the Court will not permit Plaintiff to amend her complaint, as doing

[1] A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is properly granted when, taking all factual allegations and inferences as true, the moving party is entitled to judgment as a matter of law. Markowitz v. Northeast Land, Co., 906 F.2d 100, 103 (3d Cir. 1990). "A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

so would most certainly prove futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 111 (3d Cir. 2002) ("[P]laintiffs whose complaints fail to state a cause of action are entitled to amend their complaint unless doing so would be inequitable or futile.").

## II. CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed *in forma pauperis* and dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **TAMMY NICHOLS,** | : | |
| | : | |
| **Plaintiff** | : | **Civil Action No. 1:07-cv-01943** |
| | : | |
| **v.** | : | **(Chief Judge Kane)** |
| | : | |
| **CUMBERLAND COUNTY** | : | |
| **COURT OF COMMON PLEAS** | : | |
| | : | |
| **Defendant** | : | |

**ORDER**

**AND NOW**, on this 3rd day of April, 2008, upon due consideration of Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. No. 2) is **GRANTED**.

2. Plaintiff's complaint (Doc. No. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

3. The Clerk of Court shall **CLOSE** the file.

4. Any appeal taken from this order will be deemed frivolous, without probable cause, and not taken in good faith.

s/ *Yvette Kane*
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania